Exhibit A to

Defendants' Notice of Removal

Copies of all Process, Pleadings, and Orders
filed in State Court

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | FEB 22 2013 |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | NCC. |

(8/01/08) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ CHANCERY

2013CH03362
CALENDAR/ROOM 06
TIME 00:00
Declaratory Jdgmt

No. _____

BEN SCHERR

_____ (Name all parties)

WESTERN SKY FINANCIAL LLC (doing business as Western Funding, Western Sky, and Westernsky.com), MARTIN A. ("Butch") WEBB, CASHCALL INC., and DOES 1-20, including individuals and entities doing business as WS Funding LLC and under other names.

WESTERN SKY FINANCIAL LLC
612 E Street
Timber Lake, SD 57656

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802_____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St., Suite 1800

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

WITNESS, _____,

DOROTHY BROWN FEB 04 2013

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# CERTIFICATE OF SERVICE

I, the undersigned officer received and served the Complaint papers on

Western Sky Financial this _25_ day of _February_ 2013 at _10:45_

AM/PM at _Timber Lake_, South Dakota.

_Pierre Trueaesie_

OFFICER

DATE SENT OUT: 2/22/13

IN THE CIRCUIT COURT OF COOK
COUNTY, ILLINOIS COUNTY
DEPARTMENT, CHANCERY DIVISION

BEEN SCHERR,
                    Plaintiff

Vs.

WESTERN SKY FINANCIAL LLC (doing
business as Western Funding, Western Sky
and Westernsky.com), MARTIN A. ("Butch")
WEBB, CASHCALL INC., and DOES 1-20,
including individuals and entities doing
business as WS Funding LLC and under other
names,
                    Defendants.

INITIAL _MC_

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | FEB 22 2013 |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ CHANCERY _____ DIVISION

No. ~~2013CH03362~~
~~CALENDAR/ROOM 06~~
~~TIME 00:00~~
~~Declaratory Jdgmt~~

BEN SCHERR

_____
**(Name all parties)**

WESTERN SKY FINANCIAL LLC (doing business as Western Funding, Western
Sky, and Westernsky.com), MARTIN A. (Butch") WEBB, CASHCALL INC., and
DOES 1-20, including individuals and entities doing business as WS Funding LLC
~~and under other names.~~

MARTIN A. WEBB
612 E Street
Timber Lake, SD 57656

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106 _____

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St., Suite 1800

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

WITNESS, _____, _____

_____ FEB 0 4 2013
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# CERTIFICATE OF SERVICE

I, the undersigned officer received and served the Complaint papers on

MARTIN A. WEBB this _25_ day of _February_ 2013 at _10:45_

AM/PM at _In dun Luke_, South Dakota.

_[signature]_

OFFICER

DATE SENT OUT: 2/22/13

IN THE CIRCUIT COURT OF COOK
COUNTY, ILLINOIS COUNTY
DEPARTMENT, CHANCERY DIVISION

BEEN SCHERR,

             Plaintiff

Vs.

WESTERN SKY FINANCIAL LLC (doing
business as Western Funding, Western Sky
and Westernsky.com), MARTIN A. ("Butch")
WEBB, CASHCALL INC., and DOES 1-20,
including individuals and entities doing
business as WS Funding LLC and under other
names,

             Defendants.           INITIAL_____

# *NATIONAL REGISTERED AGENTS, INC.*

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:   DANIEL BAREN
      CASHCALL, INC.
      1600 S. DOUGLASS RD
      ANAHEIM, CA 92806

SOP Transmittal # **IL89398**

(888) 617-4545 - Telephone

Entity Served: CASHCALL, INC. (Domestic State: CALIFORNIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of ILLINOIS on this 6 day of February, 2013. The following is a summary of the document(s) received:

1.   **Title of Action:** Ben Scherr vs. Western Sky Financial, LLC et.al.

2.   **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint

3.   **Court of Jurisdiction/** Circuit Court of Cook County, IL
     **Case & Docket Number:** 2013CH03362

4.   **Amount Claimed, if any:**

5.   **Method of Service** (select one):
     **X** Personally served by:   __ Process Server    **X** Deputy Sheriff    __ U. S Marshall
     __ Delivered Via:            __ Certified Mail     __ Regular Mail        __ Facsimile
                                  (Envelope enclosed)   (Envelope enclosed)

     __ Other (Explain):

6.   **Date and Time of Receipt:** 2/6/2013 1:15:58 PM EST (GMT -5)

7.   **Appearance/Answer Date:** 30 Days

8.   **Received From:**   Edelman Combs Latturner & Goodwin
     (Name, Address & Telephone Number)

9.   **Federal Express Airbill** # 794690987287

10.  **Call Made to:** Not Required

11.  **Special Comments:**
     This SOP was digitally scanned and First Serve notification was sent to: CHIARA GAUSSA SHALLAHAMER.;

**NATIONAL REGISTERED AGENTS, INC.**            **Copies To:**

Transmitted by **Courtney Hightower**

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |



**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No.
2013CH03362
CALENDAR/ROOM 06
TIME 00:00
Declaratory Jdmt

BEN SCHERR

**(Name all parties)**

WESTERN SKY FINANCIAL LLC (doing business as Western Funding, Western Sky, and Westernsky.com), MARTIN A. (Butch) WEBB, CASHCALL INC., and DOES 1-20, including individuals and entities doing business as WS Funding LLC and under other names.

CASHCALL, INC.
c/o National Registered Agents, Inc.
200 W. Adams Street
Chicago, IL 60606

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __41106__

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St., Suite 1800

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

WITNESS, _____,

DOROTHY BROWN FEB 0 4 2013

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served         2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail   2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
SUMMONS           ALIAS - SUMMONS



---

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____CHANCERY_____

2013CH03362
CALENDAR/ROOM 06
TIME 00:00
No. Declaratory Jdmt

BEN SCHERR
_____ **(Name all parties)**

WESTERN SKY FINANCIAL LLC (doing business as Western Funding, Western
Sky, and Westernsky.com), MARTIN A. (Butch) WEBB, CASHCALL INC., and
DOES 1-20, including individuals and entities doing business as WS Funding LLC
and under other names.

CASHCALL, INC.
c/o National Registered Agents, Inc.
200 W. Adams Street
Chicago, IL 60606

### SUMMONS

**To each Defendant:**

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__ , Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    **This Summons** must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __41106__

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St., Suite 1800

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

WITNESS, _____, _____

DOROTHY BROWN   FEB 0 4 2013

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BEN SCHERR,                              )
                    Plaintiff,           )
                                         )
        vs.                              )
                                         )
WESTERN SKY FINANCIAL LLC (doing business )
as Western Funding, Western Sky, and Westernsky.com), )
MARTIN A. ("Butch") WEBB, CASHCALL INC.,  )
and DOES 1-20, including individuals and entities doing )
business as WS Funding LLC and under other names, )
                    Defendants.          )

## COMPLAINT

### INTRODUCTION

1.      Ben Scherr respectfully seeks redress from usurious loans made and serviced by defendants. He alleges that defendants violated the Interest Act (815 ILCS 205/.01 *et seq.*), the Illinois criminal usury statute (720 ILCS 5/17-59), and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) ("CFA"), and seeks actual, statutory, punitive and declaratory relief.

2.      Defendant Western Sky Financial LLC ("Western Sky") is not licensed to provide loans to Illinois residents. Nor does it hold a banking charter or a license under any Illinois statute. Nevertheless, it makes loans to Illinois consumers through internet transactions, in violation of Illinois law. It specifically provided a loan to Mr. Scherr, as shown by Exhibit A, on October 29, 2012, charging an annual interest rate of 89.63%.

3.      Shortly after this loan was made, Mr. Scherr's loan was purportedly sold to another company. As shown by Exhibit B, the loan made to Mr. Scherr by Western Sky was sold to "WS Funding LLC." On information and belief, WS Funding LLC is not a properly-formed limited liability company that both (a) exists and (b) is in any way connected with the actions alleged herein. The loan would be serviced by defendant CashCall Inc. ("CashCall"), a California corporation which does not hold a banking charter, or a license under any Illinois statute (including the Collection Agency Act, 225 ILCS 425/1 *et seq.*).

1

4.     The loan agreement attached as <u>Exhibit A</u>, the collection letter attached as <u>Exhibit B</u>, and defendants' involvement in the provision and servicing of that loan, is a concerted attempt to illegally and fraudulently evade Illinois law, to the end of imposing abusive loan terms and conditions upon a resident of Illinois, causing him damage in violation of state law.

### JURISDICTION AND VENUE

5.     Venue and personal jurisdiction in Illinois are proper because

  a.     defendants offered and made an illegal loan to an Illinois resident,

  b.     defendants advertised (on television, on the Internet and otherwise) seeking business from Illinois residents, and

  c.     CashCall was assigned the illegal loans made by defendants, and sent a communication to plaintiff in Illinois in an attempt to collect it.

6.     As shown by <u>Exhibit C</u>, Mr. Scherr opted-out of the arbitration agreement found within <u>Exhibit A</u>, within 60 days of the date of the contract. As such, the arbitration agreement in its entirety is null and void.

### PARTIES

7.     Plaintiff resides in Buffalo Grove, Illinois, within Cook County. He entered into the loan agreement (<u>Exhibit A</u>) from his home in Buffalo Grove, Illinois, and received funds from the loan agreement into his bank account, which is located in Illinois.

8.     Defendant Western Sky is a limited liability company chartered under the law of the state of South Dakota as an ordinary business entity. (<u>Exhibit D</u>.) It maintains registered offices at 612 E Street, Timber Lake, South Dakota.

9.     Defendant Martin A. Webb (also known as "Butch Webb") is the owner and registered agent of Western Sky. (*Id.*) He can be located at 612 E Street, Timber Lake, South Dakota.

10.     Mr. Webb owns not only Western Sky, but a number of other South Dakota limited liability companies (including but not limited to Payday Financial LLC, Great Sky Finance LLC, 24-7 Cash Direct LLC, and several others). The business of Western Sky, and

these other entities, is provision of high-interest loans to consumers through internet transactions.

11.     The actions of Western Sky are controlled, and are under the personal direction of, Martin A. Webb or employees of his, acting at his direction or on his behalf.  Specifically, and at all times material to this complaint, acting alone or in concert with others, Webb has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this complaint, including particularly the decision to make loans to Illinois residents, the decision to advertise to Illinois residents, and the rates of interest charged.

12.     Webb is a member of the Cheyenne River Sioux Tribe ("Tribe"), but is not a Tribal official (whether elected, appointed or otherwise).

13.     As a matter of business policy used by Western Sky and Mr. Webb, those who borrow money from Western Sky are not members of the Tribe, and do not reside on the reservation.

14.     Western Sky is not a member of the Tribe, but is instead a citizen of South Dakota, the laws of which governed the formation and maintenance of Western Sky as a business entity.

15.     Western Sky maintains a website at www.westernsky.com.  On that website (as of January 24, 2013, as shown by Exhibit E), the following advisory appears:

> WESTERN SKY FINANCIAL is owned wholly by an individual Tribal Member of the Cheyenne River Sioux Tribe and is not owned or operated by the Cheyenne River Sioux Tribe or any of its political subdivisions. WESTERN SKY FINANCIAL is a Native American business operating within the exterior boundaries of the Cheyenne River Sioux Reservation, a sovereign nation located within the United States of America. Western Sky loans are not available to consumers in California, Colorado, Maryland, Missouri, South Dakota and West Virginia.

16.     The inability of Western Sky to make loans to consumers in the states mentioned herein, on information and belief, is directly related to actions taken by the governments of those states to prevent Western Sky from violating the laws of those states. See, e.g., *Colorado v. Western Sky Financial LLC*, No. 11CV638 (Denver Co. Dist. Ct.), No. 1:11CV887 (D.Colo.), 845 F.Supp.2d 1178 (D.Colo.); *Missouri v. Webb*, No. 11 SL CC 1680 (St. Louis Co. Cir. Ct.),

3

No. 4:11CV1237 (E.D.Mo.), 2012 WL 1033414 (E.D.Mo. Mar. 27, 2012); *Western Sky Financial LLC v. Maryland Commissioner of Financial Regulation*, Nos. 1:11CV 765 and 1:11CV1256 (D.Md.) No. CFR-FY-11-182 (Md. Comm'r Fin. Reg.), 2011 WL 4894075 (D.Md. Oct. 11, 2011).

17.     Defendant CashCall is a California corporation with offices at 1600 South Douglass Road, Anaheim, California.  It does business in Illinois. Its registered agent and office is National Registered Agents, Inc., 200 West Adams Street, Chicago, Illinois.

18.     CashCall is engaged in the business of making or arranging high-interest loans to consumers over the Internet, and also the servicing of such loans made by others (either as a purchaser of such loans or otherwise).

19.     CashCall arranged to service Mr. Scherr's loan shortly after it was made.

20.     On information and belief, CashCall has an arrangement with lenders associated with Mr. Webb (including Western Sky), by which it would purchase or service all loans made by those lenders.

21.     CashCall is not a member of the Tribe, but is instead a citizen of California, where it resides, and under the laws of which CashCall was formed and is maintained as a corporate entity.

22.     The Doe Defendants are other persons or entities involved in the actions and omissions alleged herein, whose names and addresses are as yet unknown.  Some or all of these entities may be controlled or owned by Mr. Webb, or by CashCall.

## FACTS

23.     Since 2007, Western Sky has offered consumers high-interest loans to Illinois residents through Internet websites and television advertisements.

24.     Consumers who are interested in obtaining a loan from Western Sky complete an online application via one of defendants' Internet websites or call advertised toll-free number to apply.  Such advertisements actively seek customers from Illinois, and from all other states where Western Sky does business.

4

25.    One such loan was made to Mr. Scherr, on October 29, 2012. (Exhibit A.) This loan was made to Mr. Scherr for personal, family or household purposes, and in the course of the conduct of trade and commerce.

26.    The loan given to Mr. Scherr charged an interest rate of 89.63%, on a principal amount of $9,925.00. (*Id.*)

27.    The loan given to Mr. Scherr was both civilly and criminally usurious under the laws of Illinois, and constituted a fraudulent act contrary to the CFA.

28.    Defendants knew that its loan to Mr. Scherr was unenforceable and fraudulent under Illinois law. Defendants specifically knew this no later than February 2, 2012, when CashCall was served with process in the case of *Jackson v. Payday Financial LLC*, No. 1:11CV9288 (N.D.Ill.), which claimed that CashCall was liable for conduct similar to that which was alleged herein. Mr. Webb and Western Sky were similarly put on notice several months later, by service of the same suit upon them while it was pending before this Court.

### THE INTEREST ACT, THE CONSUMER INSTALLMENT LOAN ACT, AND THE PAYDAY LOAN REFORM ACT

29.    Under the Interest Act (815 ILCS 205/4(1)), those who charge illegal interest rates are civilly liable:

> Except as otherwise provided in [815 ILCS 205/4.05, relating to loans given to military personnel and inapplicable here], in all written contracts it shall be lawful for the parties to stipulate or agree that 9% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided....

> It is lawful for a state bank or a branch of an out-of-state bank, as those terms are defined in... the Illinois Banking Act [205 ILCS 5/2], to receive or to contract to receive and collect interest and charges at any rate or rates agreed upon by the bank or branch and the borrower. It is lawful for a savings bank chartered under the Savings Bank Act [205 ILCS 205/1001 *et seq.*] or a savings association chartered under the Illinois Savings and Loan Act of 1985 [205 ILCS 105/1-1 *et seq.*] to receive or contract to receive and collect interest and charges at any rate agreed upon by the savings bank or savings association and the borrower.

> It is lawful to receive or to contract to receive and collect interest and charges as authorized by this Act and as authorized by the Consumer Installment Loan Act [205 ILCS 670/1 *et seq.*].... or by the Payday Loan Reform Act [815 ILCS 122/1-1 *et*

*seq.*].

30.     Western Sky is not a state bank, a branch of an out-of-state bank, a savings bank, a savings association, a licensed provider of consumer installment loans, or a licensed payday lender, under the laws of Illinois. It is therefore subject to the 9% annual interest rate cap set forth in 815 ILCS 205/4. Its loan to Mr. Scherr exceeded that interest rate cap.

31.     Under the Consumer Installment Loan Act (205 ILCS 670/20(a)), "any person who engages in business as a Consumer Installment Loan lender without the license required by this Act shall be guilty of a Class 4 felony." This has been so since January 1, 1998; previously, an offense was classified as a Class A misdemeanor. Ill. P.A. 90-437, §15 (Aug. 16, 1997).

32.     Further, and effective January 1, 2013, the Consumer Installment Loan Act (205 ILCS 670/20(d)) provides that, "if any person who does not have a license issued under this Act makes a loan pursuant to this Act to an Illinois consumer, then the loan shall be null and void and the person who made the loan shall have no right to collect, receive, or retain any principal, interest, or charges related to the loan." The Payday Loan Reform Act (815 ILCS 122/4-10(h)) was also amended, with a virtually identical provision also taking effect on January 1, 2013. Ill. P.A. 97–1039, §§5, 10 (Aug. 20, 2012).

33.     Pursuant to 815 ILCS 205/6, plaintiff is entitled to actual and statutory damages, together with attorney's fees and costs.

**If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender. The payments due and to become due including all interest, discount and charges included therein under the terms of the loan contract, shall be reduced by the amount which the obligor is thus entitled to recover. Recovery by means of a defense may be had at any time after the loan is transacted. Recovery by means of an action may be had at any time after the loan is transacted and prior to the expiration of 2 years after the earlier of (1) the date of the last scheduled payment of the loan after giving effect to all renewals or extensions thereof, if any, or (2) the date on which the total amount due under the terms of the loan contract is fully paid. A bona fide error in connection with a loan shall not be a violation under this section if the lender corrects the error within a reasonable time.**

No person shall be liable under this Act for any act done or omitted in good faith in conformity with any rule, regulation, interpretation, or opinion issued by the Commissioner of Banks and Real Estate or the Department of Financial Institutions or any other department or agency of the State, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

34. Defendants cannot benefit from any exception found within 815 ILCS 205/6.

### THE CRIMINAL CODE OF ILLINOIS, AND ITS SCOPE

35. Under the criminal usury statute (720 ILCS 17/59),

(a) A person commits criminal usury when, in exchange for either a loan of money or other property or forbearance from the collection of such a loan, he or she knowingly contracts for or receives from an individual, directly or indirectly, interest, discount, or other consideration at a rate greater than 20% per annum either before or after the maturity of the loan.

(b) When a person has in his or her personal or constructive possession records, memoranda, or other documentary record of usurious loans, the trier of fact may infer that he or she has violated subsection (a) of this Section.

(c) Sentence. Criminal usury is a Class 4 felony.

(d) Non-application to licensed persons. This Section does not apply to any loan authorized to be made by any person licensed under the Consumer Installment Loan Act [205 ILCS 670/1 *et seq.*] or to any loan permitted by [815 ILCS 205/4, 205/4.2 and 205.4a] or by any other law of this State.

36. Western Sky cannot benefit from any exception found within 720 ILCS 5/17-59. It therefore is subject to the 20% annual interest rate cap set forth in 815 ILCS 205/4. Its loan to Mr. Scherr exceeded that interest rate cap.

37. Pursuant to 720 ILCS 5/1-5, defendants are subject to the criminal laws of this state, for acts taken in pursuit of the criminal conduct (or an attempt or conspiracy to commit a criminal act) occurred in Illinois, and specifically where Mr. Scherr resided in Buffalo Grove, Illinois.

38. As the loan constitutes a criminal act, the loan is unenforceable and void.

### CONSUMER FRAUD

39. By contracting for, demanding and attempting to collect finance charges, interest, and fees from an Illinois consumer, in excess of the amounts permitted by Illinois law,

7

defendants engaged in fraudulent conduct, contrary to 815 ILCS 505/2:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in[815 ILCS 510/2] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [15 U.S.C. §45].**

40.     Pursuant to 815 ILCS 505/10c, "any waiver or modification of the rights, provisions, or remedies of this Act shall be void and unenforceable."

41.     By providing that no state or federal law shall apply to the contract, and that the laws and jurisdiction of the Tribe would apply instead, when this was not true, Exhibit A contains false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2.

42.     By stating that the holder of the note has the right "to declare this note immediately due and payable," and thus by representing that it was an enforceable contract, Exhibit A contains false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2.

43.     By stating that the holder of the note had the right to collect attorney's fees if an attorney was hired for the purposes of enforcing and collecting upon the note, and thus by representing that it was an enforceable contract, Exhibit A contains false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2.

44.     By stating that the holder of the note could impose late fees if payments were not made, and that such payments could be obtained automatically through electronic funds transfer, and thus by representing that it was an enforceable contract, Exhibit A contains false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2.

45.     By stating that the holder of the note could require the borrower to "pay any and all interest that has accrued from the funding date to the payoff date," and thus by representing that it was an enforceable contract, Exhibit A contains false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2.

46.     By sending an e-mail (Exhibit B) to Mr. Scherr in which the enforceability of the loan, and the need to make payments on it, was expressly stated, CashCall made false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2.

47.     All of these false and fraudulent statements, and misrepresentations, contrary to 815 ILCS 505/2 (and others which are discovered in the course of this action), were made with the full knowledge of Illinois law, as presented to each defendant months before, through service of the pleadings in the *Jackson v. Payday Financial LLC* case referred to herein.

48.     Pursuant to 815 ILCS 505/10a, plaintiff may obtain actual damages, injunctive relief, attorney's fees and costs.

## CONCLUSION

49.     Plaintiff incorporates paragraphs 1-48, by this reference.

50.     Plaintiff was damaged by the conduct of defendants, through their fraudulent conduct.

51.     Through their cooperation in the common scheme leading to the provision and servicing of the loan in question, defendants are jointly and severally liable to plaintiff.

52.     An actual controversy exists between the parties exists, making declaratory relief appropriate.

WHEREFORE, plaintiff respectfully demands judgment in his favor, and against defendants, as follows:

(A)     An order declaring the loan at issue (in the principal amount of $9,925.00) void and unenforceable under Illinois law,

(B)     An order declaring that the choice of law and choice of forum provisions in the loan agreement are void and unenforceable as illegal and contrary to public policy,

(C)     An injunction against further enforcement of the loan at issue,

(D)     Actual, statutory, and punitive damages in the total amount of $64,575.00,

(E)     Costs of suit,

9

(F)    Reasonable attorney's fees, and

(G)    Such other relief that the Court finds proper – provided that the

declaratory, injunctive, actual, statutory and punitive relief given to

plaintiff (exclusive of attorney's fees and costs) does not exceed $74,500

in total.

_____
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106 (Cook)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount
as a Court awards.   All rights relating to attorney's fees have been assigned to counsel.

_____
Thomas E. Soule

10

## WESTERN SKY CONSUMER LOAN AGREEMENT



| Loan No.: ████690 | Date of Note: | October 29, 2012 |
|---|---|---|
| | Expected Funding Date: | October 29, 2012 |
| Lender: Western Sky Financial, LLC | Borrower: | BEN SCHERR |
| Address: P.O. Box 370<br>Timber Lake, SD 57656 | Address: | ████████<br>BUFFALO GROVE, IL 60089 |

**This Loan Agreement is subject solely to the exclusive laws and jurisdiction of the Cheyenne River Sioux Tribe, Cheyenne River Indian Reservation.** By executing this Loan Agreement, you, the borrower, hereby acknowledge and consent to be bound to the terms of this Loan Agreement, consent to the sole subject matter and personal jurisdiction of the Cheyenne River Sioux Tribal Court, and that no other state or federal law or regulation shall apply to this Loan Agreement, its enforcement or interpretation.

You further agree that you have executed the Loan Agreement as if you were physically present within the exterior boundaries of the Cheyenne River Indian Reservation, a sovereign Native American Tribal Nation; and that this Loan Agreement is fully performed within the exterior boundaries of the Cheyenne River Indian Reservation, a sovereign Native American Tribal Nation.

In this Loan Agreement, the words "you" and "your" mean the person signing as a borrower. "We," "us," "our," and "Lender" mean Western Sky Financial, LLC, a lender authorized by the laws of the Cheyenne River Sioux Tribal Nation and the Indian Commerce Clause of the Constitution of the United States of America, and any subsequent holder of this Note ("Western Sky").

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we consent to application of state or federal law to us, to the loan, or this Loan Agreement.

### TRUTH IN LENDING ACT DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE<br><br>*The cost of your credit as a yearly rate* | FINANCE CHARGE<br><br>*The dollar amount the credit will cost you* | AMOUNT FINANCED<br><br>*The amount of credit provided to you* | TOTAL OF PAYMENTS<br><br>*The amount you will have paid after all payments are made as scheduled* |
|---|---|---|---|
| **89.63 %** | **$52,602.32** | **$9,925.00** | **$62,527.32** |

| PAYMENT SCHEDULE |
|---|
| One payment of $817.65 on December 01, 2012. |

83 monthly payments of $743.49 beginning on January 01, 2013.

**Late Charge:** If a payment is more than 15 days late, you will be charged $29.00.

**Prepayment:** If you pay off this loan early, you will not have to pay any penalty.

Please see the remainder of this document for additional information about nonpayment, default and any required repayment in full before the scheduled date.

| ITEMIZATION OF AMOUNT FINANCED | |
|---|---|
| Amount Financed: | $9,925.00 |
| Amount Paid to Borrower Directly: | $9,925.00 |
| Prepaid Finance Charge/Origination Fee: | $75.00 |

You promise to pay to the order of Western Sky or any subsequent holder of this Note the sum of **$10,000.00**, together with interest calculated at **89.00 %** per annum and any outstanding charges or late fees, until the full amount of this Note is paid. You promise to repay this loan by making, at a minimum, the payments described on the payment schedule listed above.

Payments will be applied first to any outstanding charges or late fees, then to earned interest and finally to principal. The payment schedule described above may change in the event you do not make all payments as scheduled or in the event you accrue any fees.

Interest is calculated on a 360/360 simple interest basis. This means that interest is calculated by dividing the annual Interest Rate by 360, multiplying that number by the outstanding principal balance, and multiplying that number by the number of days the principal balance is outstanding, assuming that each full month is comprised of 30 days.

You may prepay all or any part of the principal without penalty.

If you fail to make any payment due hereunder, the holder of this Note shall have the right, after a 30-day grace period, to declare this note to be immediately due and payable. If you file for an assignment for the benefit of creditors, or for bankruptcy, the holder of this Note shall have the right to declare this Note to be immediately due and payable.

Except as may be provided in the "Arbitration" section of this Note, if we are required to employ an attorney at law to collect any amounts due hereunder, you will be required to pay the reasonable fees of such attorney to protect our interest or to take any other action required to collect the amounts due hereunder.

The Prepaid Finance Charge disclosed above is fully earned upon loan origination and is not subject to rebate upon prepayment or acceleration of this Note.

**LATE FEES.** You will be subject to a late fee of $29.00 if you fail to make your payment within 15 days of the due date. We can collect any late fees immediately via Electronic Funds Transfer (EFT) from your bank account.

**INSUFFICIENT FUNDS.** You will be subject to a fee of $29.00 if any payment you make is returned by your bank for insufficient funds.

**E-SIGN/ELECTRONIC COMMUNICATIONS.** Although federal law does not apply to this Agreement, this Note is in original format an electronic document fully compliant with the Electronic Signatures in Global and National Commerce Act (E-SIGN) and other applicable laws and regulations, and the one, true original Note is retained electronically by us. All other versions hereof, whether electronic or in tangible format, constitute facsimiles or reproductions only. You understand that you have previously consented to receive all communications from us, including but not limited to all required disclosures, electronically.

**CREDIT REPORTS.** You agree that we may obtain credit reports on you on an ongoing basis as long as this loan remains in effect. You also authorize us to report information concerning this account to credit bureaus and anyone else we believe in good faith has a legitimate need for such information. Late payments, missed payments, or other defaults on this account may be reflected in your credit report.

**CALL MONITORING/RECORDING.** You understand that, from time to time, we may monitor or record telephone calls between us for quality assurance purposes. You expressly consent to have your calls monitored or recorded.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your loan, we may telephone you at any number, including any cell phone number provided, and that we may leave an autodialed or prerecorded message or use other technology to make that contact or to communicate to you the status of your account.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**GOVERNING LAW.** This Agreement is governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Cheyenne River Sioux Tribe. We do not have a presence in South Dakota or any other states of the United States. Neither this Agreement nor Lender is subject to the laws of any state of the United States of America. By executing this Agreement, you hereby expressly agree that this Agreement is executed and performed solely within the exterior boundaries of the Cheyenne River Indian Reservation, a sovereign Native American Tribal Nation. You also expressly agree that this Agreement shall be subject to and construed in accordance only with the provisions of the laws of the Cheyenne River Sioux Tribe, and that no United States state or federal law applies to this Agreement. You agree that by entering into this Agreement you are voluntarily availing yourself of the laws of the Cheyenne River Sioux Tribe, a sovereign Native American Tribal Nation, and that your execution of this Agreement is made as if you were physically present within the exterior boundaries of the Cheyenne River Indian Reservation, a sovereign Native American Tribal Nation.

**ASSIGNMENT.** We may assign or transfer this Loan Agreement or any of our rights under it at any time to any party.

**WAIVER OF JURY TRIAL AND ARBITRATION.**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described below, any dispute you have with Western Sky or anyone else under this loan agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court, including the right to have a jury, to engage in discovery (except as may be provided in the arbitration rules), and to participate in a class action or similar proceeding. In Arbitration, a dispute is resolved by an arbitrator instead of a judge or jury. Arbitration procedures are simpler and more limited than court procedures. Any Arbitration will be

limited to the dispute between yourself and the holder of the Note and will not be part of a class-wide or consolidated Arbitration proceeding.

**Agreement to Arbitrate.** You agree that any Dispute, except as provided below, will be resolved by Arbitration, which shall be conducted by the Cheyenne River Sioux Tribal Nation by an authorized representative in accordance with its consumer dispute rules and the terms of this Agreement.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is any controversy or claim between you and Western Sky or the holder or servicer of the Note. The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim based upon marketing or solicitations to obtain the loan and the handling or servicing of my account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Arbitration agreement. For purposes of this Arbitration agreement, the term "the holder" shall include Western Sky or the then-current note holder's employees, officers, directors, attorneys, affiliated companies, predecessors, and assigns, as well as any marketing, servicing, and collection representatives and agents.

**Choice of Arbitrator.** Any party to a dispute, including a Holder or its related third parties, may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Cheyenne River Sioux Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the Cheyenne River Sioux Tribe's sovereign status or immunity, or (b) to allow for the application of any law other than the law of the Cheyenne River Sioux Tribe of Indians to this Agreement.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the Arbitration. Except where otherwise provided by the law of the Cheyenne River Sioux Tribal Nation, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the Arbitration.

**Waiver of Rights.** YOU HEREBY AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, TO PARTICIPATE IN A CLASS ACTION LAWSUIT, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT ARE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available by statute, at law, or in equity to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving the individual disputes between the parties.

The validity, effect, and enforceability of this waiver of class action lawsuit and class-wide Arbitration is to be determined solely by a court of competent jurisdiction located within the Cheyenne Rivers Sioux Tribal Nation, and not by the arbitrator. If the court refuses to enforce the class-wide Arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide Arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures.

**Applicable Law and Judicial Review.** THIS ARBITRATION PROVISION IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHEYENNE RIVER SIOUX TRIBE. The arbitrator will apply the laws of the Cheyenne River Sioux Tribal Nation and the terms of this Agreement. The arbitrator must apply the terms of this Arbitration agreement, including without limitation the waiver of class-wide Arbitration. The arbitrator will make written findings and the arbitrator's award may be filed in the Cheyenne River Sioux Tribal Court, which has jurisdiction in this matter. The Arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by a court upon judicial review.

**Small Claims Exception.** All parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal in the Cheyenne River Sioux Tribal Small Claims Court for disputes within the scope of such tribunal's jurisdiction. Any dispute, which cannot be adjudicated within the jurisdiction of a small claims tribunal, shall be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal shall be resolved by binding arbitration.

**Other Provisions.** This Arbitration provision will survive: (i) termination or changes in this Agreement, the Account, or the relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Arbitration provision benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Arbitration Provision continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Arbitration Provision survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Arbitration Provision is held invalid, the remainder shall remain in effect

**Right to Opt Out.** If you do not wish your account to be subject to this Arbitration Agreement, you must advise us in writing at P.O. Box 370, Timber Lake, South Dakota, 57565, or via e-mail at info@westernsky.com. You must clearly print or type your name and account number and state that you reject Arbitration. You must give written notice; it is not sufficient to telephone us. We must receive your letter or e-mail within sixty (60) days after the date your loan funds or your rejection of Arbitration will not be effective. In the event you opt out of Arbitration, any disputes hereunder shall nonetheless be governed under the laws of the Cheyenne River Sioux Tribal Nation.

**Payments.** You have previously authorized and requested us to initiate an automated clearinghouse or other electronic funds transfer ("EFT") from the bank account identified on your Application (the "Bank Account") to make each payment required hereunder on the day it is due. You also authorize us to initiate an EFT to or from the Bank Account to correct any erroneous payment and, in the event any EFT is unsuccessful, to attempt such payment up to two additional times. You understand that unsuccessful EFTs may result in charges by your bank, and you agree that we are not liable for such charges. We will notify you 10 days prior to any given transfer if the amount to be transferred varies by more than $50 from your regular payment amount. You also authorize us to withdraw funds from your account on additional days throughout the month in the event you are delinquent on your loan payments. Your request and authorization for us to initiate EFTs is entirely voluntary, and you may terminate this authorization by notifying us in writing via

fax (866-347-0666) or email (customer.service@westernsky.com) soon enough to allow us a reasonable opportunity to act on your termination (generally at least three business days in advance).

**THIS LOAN CARRIES A VERY HIGH INTEREST RATE. YOU MAY BE ABLE TO OBTAIN CREDIT UNDER MORE FAVORABLE TERMS ELSEWHERE. EVEN THOUGH THE TERM OF THE LOAN IS 84 MONTHS, WE STRONGLY ENCOURAGE YOU TO PAY OFF THE LOAN AS SOON AS POSSIBLE. YOU HAVE THE RIGHT TO PAY OFF ALL OR ANY PORTION OF THE LOAN AT ANY TIME WITHOUT INCURRING ANY PENALTY. YOU WILL, HOWEVER, BE REQUIRED TO PAY ANY AND ALL INTEREST THAT HAS ACCRUED FROM THE FUNDING DATE UNTIL THE PAYOFF DATE.**

CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS AGREEMENT BEFORE YOU SIGN IT. YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT.

| | |
|---|---|
| ☑ | YOU HAVE READ AND UNDERSTAND THE ARBITRATION SECTION OF THIS NOTE AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS OF THAT SECTION. |
| ☑ | **YOU HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND THERETO. YOU UNDERSTAND AND AGREE THAT YOUR EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.** |

**CONSUMER COMPLAINTS** - If you have a complaint about our loan, please let us know. You can contact us at P.O. Box 370, Timber Lake, South Dakota, 57656, telephone (877) 860-2274.

Western Sky Settlement

STATEMENT TO BORROWER:

BORROWER(S) NAME AND ADDRESS:
BEN   SCHERR


BUFFALO GROVE, IL 60089

LOAN ID: ▮▮▮▮690

FINANCE LENDERS NAME AND ADDRESS:
Western Sky
P.O. Box 370
Timber Lake, SD 57656

TERMS OF THE LOAN CONTRACT:

Date:    10/29/2012                    Loan Amount:    $10,000.00
Term:    84 months                     Annual Percentage Rate (APR):
89.63%

YOUR FIRST PAYMENT OF $817.65 is due on 12/1/2012 and will be collected via
electronic funds transfer.

# STATEMENT TO BORROWER AND BROKER INFORMATION

**BORROWER(S) NAME AND ADDRESS:**

BEN SCHERR

▬▬▬▬▬▬▬▬

BUFFALO GROVE, IL 60689

**LOAN ID:** ▬▬690

**FINANCE LENDERS NAME AND ADDRESS:**

Western Sky
P.O. Box 370
Timber Lake, SD 57656

## TERMS OF THE LOAN CONTRACT:

|  |  |  |  |
|---|---|---|---|
| **Date:** | October 29, 2012 | **Amount Financed:** | $9,925.00 |
| **Term:** | 84 months | **Annual Percentage Rate (APR):** | 89.63% |

YOUR FIRST PAYMENT OF $817.65 is due on December 01, 2012 and will be collected via electronic funds transfer.

Below, please find an expected amortization schedule for your Western Sky loan. **This loan carries an interest rate of 89.00 % and an APR of 89.63 %. Even though the term of the loan is 84 months, we strongly encourage you to pay off the loan as soon as possible.** For each monthly payment you make, this schedule shows how much of the monthly payment will go to interest on the outstanding loan balance, and how much is repayment of principal that goes toward reducing the loan balance. You will notice that most of your payment will go toward interest early in the loan, but as time goes on, an increasingly greater percentage of your payment will go toward principal reduction. Please note that this schedule assumes that you will make only your minimum payment each month. If you make additional payments, incur late fees or NSF fees or fall behind on your payments, this schedule will no longer be in effect.

| Payment Number | Due Date | Payment Amount | Amount to Principal | Amount to Interest | Principal Balance After Payment |
|---|---|---|---|---|---|
| 1 | December 01, 2012 | $817.65 | $1.82 | $815.83 | $9,998.18 |
| 2 | January 01, 2013 | $743.49 | $1.96 | $741.53 | $9,996.22 |
| 3 | February 01, 2013 | $743.49 | $2.10 | $741.39 | $9,994.12 |
| 4 | March 01, 2013 | $743.49 | $2.26 | $741.23 | $9,991.86 |
| 5 | April 01, 2013 | $743.49 | $2.43 | $741.06 | $9,989.43 |
| 6 | May 01, 2013 | $743.49 | $2.61 | $740.88 | $9,986.82 |
| 7 | June 01, 2013 | $743.49 | $2.80 | $740.69 | $9,984.02 |
| 8 | July 01, 2013 | $743.49 | $3.01 | $740.48 | $9,981.01 |
| 9 | August 01, 2013 | $743.49 | $3.23 | $740.26 | $9,977.78 |
| 10 | September 01, 2013 | $743.49 | $3.47 | $740.02 | $9,974.31 |
| 11 | October 01, 2013 | $743.49 | $3.73 | $739.76 | $9,970.58 |
| 12 | November 01, 2013 | $743.49 | $4.01 | $739.48 | $9,966.57 |
| 13 | December 01, 2013 | $743.49 | $4.30 | $739.19 | $9,962.27 |
| 14 | January 01, 2014 | $743.49 | $4.62 | $738.87 | $9,957.65 |
| 15 | February 01, 2014 | $743.49 | $4.96 | $738.53 | $9,952.69 |
| 16 | March 01, 2014 | $743.49 | $5.33 | $738.16 | $9,947.36 |
| 17 | April 01, 2014 | $743.49 | $5.73 | $737.76 | $9,941.63 |
| 18 | May 01, 2014 | $743.49 | $6.15 | $737.34 | $9,935.48 |
| 19 | June 01, 2014 | $743.49 | $6.61 | $736.88 | $9,928.87 |
| 20 | July 01, 2014 | $743.49 | $7.10 | $736.39 | $9,921.77 |
| 21 | August 01, 2014 | $743.49 | $7.63 | $735.86 | $9,914.14 |

| | | | | | |
|---|---|---|---|---|---|
| 22 | September 01, 2014 | $743.49 | $8.19 | $735.30 | $9,905.95 |
| 23 | October 01, 2014 | $743.49 | $8.80 | $734.69 | $9,897.15 |
| 24 | November 01, 2014 | $743.49 | $9.45 | $734.04 | $9,887.70 |
| 25 | December 01, 2014 | $743.49 | $10.15 | $733.34 | $9,877.55 |
| 26 | January 01, 2015 | $743.49 | $10.91 | $732.58 | $9,866.64 |
| 27 | February 01, 2015 | $743.49 | $11.71 | $731.78 | $9,854.93 |
| 28 | March 01, 2015 | $743.49 | $12.58 | $730.91 | $9,842.35 |
| 29 | April 01, 2015 | $743.49 | $13.52 | $729.97 | $9,828.83 |
| 30 | May 01, 2015 | $743.49 | $14.52 | $728.97 | $9,814.31 |
| 31 | June 01, 2015 | $743.49 | $15.60 | $727.89 | $9,798.71 |
| 32 | July 01, 2015 | $743.49 | $16.75 | $726.74 | $9,781.96 |
| 33 | August 01, 2015 | $743.49 | $17.99 | $725.50 | $9,763.97 |
| 34 | September 01, 2015 | $743.49 | $19.33 | $724.16 | $9,744.64 |
| 35 | October 01, 2015 | $743.49 | $20.76 | $722.73 | $9,723.88 |
| 36 | November 01, 2015 | $743.49 | $22.30 | $721.19 | $9,701.58 |
| 37 | December 01, 2015 | $743.49 | $23.96 | $719.53 | $9,677.62 |
| 38 | January 01, 2016 | $743.49 | $25.73 | $717.76 | $9,651.89 |
| 39 | February 01, 2016 | $743.49 | $27.64 | $715.85 | $9,624.25 |
| 40 | March 01, 2016 | $743.49 | $29.69 | $713.80 | $9,594.56 |
| 41 | April 01, 2016 | $743.49 | $31.89 | $711.60 | $9,562.67 |
| 42 | May 01, 2016 | $743.49 | $34.26 | $709.23 | $9,528.41 |
| 43 | June 01, 2016 | $743.49 | $36.80 | $706.69 | $9,491.61 |
| 44 | July 01, 2016 | $743.49 | $39.53 | $703.96 | $9,452.08 |
| 45 | August 01, 2016 | $743.49 | $42.46 | $701.03 | $9,409.62 |
| 46 | September 01, 2016 | $743.49 | $45.61 | $697.88 | $9,364.01 |
| 47 | October 01, 2016 | $743.49 | $48.99 | $694.50 | $9,315.02 |
| 48 | November 01, 2016 | $743.49 | $52.63 | $690.86 | $9,262.39 |
| 49 | December 01, 2016 | $743.49 | $56.53 | $686.96 | $9,205.86 |
| 50 | January 01, 2017 | $743.49 | $60.72 | $682.77 | $9,145.14 |
| 51 | February 01, 2017 | $743.49 | $65.23 | $678.26 | $9,079.91 |
| 52 | March 01, 2017 | $743.49 | $70.06 | $673.43 | $9,009.85 |
| 53 | April 01, 2017 | $743.49 | $75.26 | $668.23 | $8,934.59 |
| 54 | May 01, 2017 | $743.49 | $80.84 | $662.65 | $8,853.75 |
| 55 | June 01, 2017 | $743.49 | $86.84 | $656.65 | $8,766.91 |
| 56 | July 01, 2017 | $743.49 | $93.28 | $650.21 | $8,673.63 |
| 57 | August 01, 2017 | $743.49 | $100.20 | $643.29 | $8,573.43 |
| 58 | September 01, 2017 | $743.49 | $107.63 | $635.86 | $8,465.80 |
| 59 | October 01, 2017 | $743.49 | $115.61 | $627.88 | $8,350.19 |
| 60 | November 01, 2017 | $743.49 | $124.18 | $619.31 | $8,226.01 |
| 61 | December 01, 2017 | $743.49 | $133.39 | $610.10 | $8,092.62 |
| 62 | January 01, 2018 | $743.49 | $143.29 | $600.20 | $7,949.33 |
| 63 | February 01, 2018 | $743.49 | $153.91 | $589.58 | $7,795.42 |
| 64 | March 01, 2018 | $743.49 | $165.33 | $578.16 | $7,630.09 |
| 65 | April 01, 2018 | $743.49 | $177.59 | $565.90 | $7,452.50 |
| 66 | May 01, 2018 | $743.49 | $190.76 | $552.73 | $7,261.74 |
| 67 | June 01, 2018 | $743.49 | $204.91 | $538.58 | $7,056.83 |
| 68 | July 01, 2018 | $743.49 | $220.11 | $523.38 | $6,836.72 |
| 69 | August 01, 2018 | $743.49 | $236.43 | $507.06 | $6,600.29 |
| 70 | September 01, 2018 | $743.49 | $253.97 | $489.52 | $6,346.32 |
| 71 | October 01, 2018 | $743.49 | $272.80 | $470.69 | $6,073.52 |
| 72 | November 01, 2018 | $743.49 | $293.04 | $450.45 | $5,780.48 |
| 73 | December 01, 2018 | $743.49 | $314.77 | $428.72 | $5,465.71 |
| 74 | January 01, 2019 | $743.49 | $338.12 | $405.37 | $5,127.59 |
| 75 | February 01, 2019 | $743.49 | $363.19 | $380.30 | $4,764.40 |
| 76 | March 01, 2019 | $743.49 | $390.13 | $353.36 | $4,374.27 |
| 77 | April 01, 2019 | $743.49 | $419.06 | $324.43 | $3,955.21 |

| | May 01, 2019 | $743.49 | $450.15 | $293.34 | $3,505.06 |
| 79 | June 01, 2019 | $743.49 | $483.53 | $259.96 | $3,021.53 |
| 80 | July 01, 2019 | $743.49 | $519.39 | $224.10 | $2,502.14 |
| 81 | August 01, 2019 | $743.49 | $557.91 | $185.58 | $1,944.23 |
| 82 | September 01, 2019 | $743.49 | $599.29 | $144.20 | $1,344.94 |
| 83 | October 01, 2019 | $743.49 | $643.74 | $99.75 | $701.20 |
| 84 | November 01, 2019 | $743.49 | $701.20 | $42.29 | $0.00 |

PLAINTIFF'S
EXHIBIT
B

From:           Ben Scherr [bscherr19@gmail.com]
Sent:           Wednesday, December 26, 2012 9:53 AM
To:
Subject:        Ben Scherr payday loan documents #2

---------- Forwarded message ----------
From: <do_not_reply@westernsky.com>
Date: Tue, Nov 6, 2012 at 5:06 PM
Subject: Notice of Loan Transfer
To: bscherr19@gmail.com

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

This e-mail concerns the personal loan that you recently obtained from Western Sky Financial. Please be advised that your loan has been sold to WS Funding, LLC. This letter is your official notice of the loan sale and the transfer of loan servicing. Effective today, your loan is now owned by WS Funding, LLC and will be serviced by a company called CashCall.

The outstanding principal balance of your debt as of this date is $10,000.00. Unless you dispute the validity of the debt, or any portion thereof, within thirty days after receipt of the notice, CashCall will assume the debt to be valid. If you notify CashCall in writing within the thirty-day period that this debt, or any portion of it, is disputed, CashCall will obtain verification of the debt and will mail it to you. We will also provide you with the address of Western Sky if you so request.

Going forward, CashCall will handle the servicing of your loan, which means collecting your payments and handling related issues. We wish to assure you that the terms and conditions of your Promissory Note and Disclosure Statement will not change in any way, except for the fact that you will now be making all of your payments, including your first payment, to CashCall. As stated in your loan documents, your first payment of $817.65 will be due on December 01, 2012. Western Sky will not accept payments from you beginning 11/6/2012.

CashCall is committed to courteous and responsive service, accurate and timely handling of your payments and simple and direct answers to your questions. For prompt response to all of your inquiries, please remember to reference your account number 21904690.

To ask about this statement or general up-to-the-minute account information, please call 1-877-525-2274. Our hours of operation are 6 a.m. to 8 p.m. Pacific time Monday through Friday; 8 a.m. to 12 p.m. Pacific time Saturday. Or write to us at:

General Customer Service Inquiries:
CashCall, Inc.
1600 S Douglass Rd

1

Anaheim. CA 92806
info@cashcall.com

Payments:
Attn: Payment Processing
CashCall. Inc.
P.O. Box 66007
Anaheim. CA 92816

2

## Thomas Soule

| | |
|---|---|
| **From:** | Thomas Soule |
| **Sent:** | Friday, December 28, 2012 5:30 PM |
| **To:** | 'info@westernsky.com' |
| **Subject:** | Rejection of arbitration on behalf of Ben Scherr |

PLAINTIFF'S EXHIBIT C

| | |
|---|---|
| **OutlookEntryID:** | 000000007AB14E84AD3F294988B20C785663F9DA0700764C2EF374F6264F873E1DB4542 E307600000001FDCF0000891B7AA55BB906498225E5ED1AB3A1BB00002DB862D90000 |
| **TimeMattersID:** | MC675A150346E390 |
| **TM Matter No:** | 27838 |
| **TM Matter Reference:** | PAYDAY FINANCIAL, LLC V. SCHERR, BEN |

This office, on behalf of Ben Scherr, of ▓▓▓▓▓▓▓, Buffalo Grove IL 60089, hereby **rejects arbitration of any dispute between him and Western Sky Financial LLC** (and any other entity concerned with any loan he received from it, including but not limited to WS Funding LLC and CashCall Inc.).

Ben Scherr specifically rejects an "Arbitration Agreement" found in a Western Sky Consumer Loan Agreement he entered into with Western Sky Financial LLC (Loan No. ▓▓▓690, dated October 29, 2012), which contains a "Right to Opt-Out."

Please get in touch if you have any questions about this rejection of arbitration.

Tom

Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 South LaSalle Street, 18th Floor
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (fax)
tsoule@edcombs.com

2012         **ANNUAL REPORT**

Secretary of State Office
500 E Capitol Ave
Pierre, SD 57501
(605)773-4845

**DOMESTIC LLC**
Please Type or Print Clearly In Ink

**FILING FEE: $50.00**   Make check payable to SECRETARY OF STATE

FILE     6/1/2012
RECEIPT NO   45016

PLAINTIFF'S EXHIBIT D

1. L.L.C. ID and Name:
   DL018925
   WESTERN SKY FINANCIAL, L.L.C.
   612 E ST
   TIMBER LAKE, SD 57656

2. The jurisdiction under whose law it is formed     SOUTH DAKOTA

3. The address of the principal executive office (business address).

| 612 E ST | TIMBER LAKE | SD | 57656 |
|---|---|---|---|
| Street Address | City | State | ZIP+4 |
| PO BOX 370 | TIMBER LAKE | SD | 57656-0370 |
| Mailing Address | City | State | ZIP+4 |

4. The name of the South Dakota Registered Agent

   Agent Name:     MARTIN A WEBB

| 612 E ST | TIMBER LAKE | SD | 57656 |
|---|---|---|---|
| Street Address or Rural Route Box Number in This State and | City | State | ZIP+4 |
| PO BOX 370 | TIMBER LAKE | SD | 57656-0370 |
| Mailing Address in This State, if Different from Street Address | City | State | ZIP+4 |

5. The names and business addresses of its managers. If the L.L.C. is member-managed, the names and addresses of the members need not be set forth.

| Manager | Street Address | City | State | ZIP+4 |
|---|---|---|---|---|
| Manager | Street Address | City | State | ZIP+4 |
| Manager | Street Address | City | State | ZIP+4 |

No person may execute this report knowing it is false in any material aspect. Any violation is subject to a civil penalty. By signing this form you agree to have both the fee and the form processed electronically.

Date     06/01/2012

Signature Accepted Electronically

(Signature of an Authorized Person)

MARTIN A WEBB

(Printed Name)

6/1/2012 1:55:24 PM

PLAINTIFF'S
EXHIBIT
E



**QUESTIONS? Call Us at 1-866-SKY-1224**

Home | Login | Rates | Contact Us

## Loans from $850 to $10,000 In your Bank Account Overnight.*

# Western Sky Loans

Application Time is typically less than 5 minutes
Western Sky is NOT a Payday Lender
Not a short term lender, our loan periods range from 12 months to 7 years
with **NO PREPAYMENT PENALTY**
Call us to apply or with any questions you have at

**1-866-SKY-1224** **Apply Now**



Loans from $850 to $10,000 In your Bank
Account Overnight. Just complete our
short online application and get an
answer in minutes.

We are an installment lender and
our rates are much lower than
most payday lenders. You may
apply now online or call 1-866-759-
1224 to speak to a loan agent.

You may apply now
or have a loan agent contact you!

*Subject to credit approval. Additional documentation required.

**WESTERN SKY FINANCIAL is owned wholly by an individual Tribal Member of the
Cheyenne River Sioux Tribe and is not owned or operated by the Cheyenne River
Sioux Tribe or any of its political subdivisions. WESTERN SKY FINANCIAL is a
Native American business operating within the exterior boundaries of the
Cheyenne River Sioux Reservation, a sovereign nation located within the United
States of America. Western Sky loans are not available to consumers in California,
Colorado, Maryland, Missouri, South Dakota and West Virginia.**

© 2012 Western Sky Financial, LLC. All Rights Reserved. 612 E Street Timber Lake, SD. 57656 (605)865-3311

Western Sky Privacy Policy ,    Terms Of Use,  Responsible Lending

Powered by Cogility Software